## STATE v. GRANT RIDDLE and EMORY RIDDLE.

(Filed 26 November, 1947.)

**1. Homicide § 2: Criminal Law § 8—**

Where the State's evidence tends to show that defendants were the aggressors and acted in concert in making an armed attack, it is immaterial which one of them fired the shot inflicting the fatal wound.

**2. Homicide § 27f: Criminal Law § 53d—**

Defendants introduced evidence that deceased was a man of violent character. *Held:* An instruction during the trial to the effect that such evidence was competent upon the plea of self-defense, without any instruction in the charge or elsewhere applying such evidence to the question of defendants' reasonable apprehension of death or great bodily harm from the attack which their evidence tended to show deceased had made on them, is insufficient to meet the requirements of G. S., 1-180, notwithstanding the absence of a request for special instructions.

DEVIN, J., dissenting.

BARNHILL, J., concurs in dissent.

DEFENDANTS' appeal from *Gwyn, J.,* at February Term, 1947, of MADISON.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Calvin R. Edney and John H. McElroy for defendants, appellants.*

SEAWELL, J.  The defendants, and others not in the appeal, were each separately indicted for the murder of Andrew Hoyle.  Since the evidence related to the same transaction the indictments were consolidated and heard together.  The two appealing defendants were convicted—Grant Riddle of murder in the second degree, and Emory Riddle of manslaughter.

There are over 40 assignments of error in the voluminous record, and, since a new trial must be granted, we follow the rule to omit discussion of those matters not likely to recur on another hearing.

The occurrence resulting in the death of Hoyle took place near his house in the mountains of Madison County.  There was an armed fight

in which Hoyle and a son, on the one part, and numerous persons on the other, including the defendants, took part. As the result of the fight Andrew Hoyle fell fatally wounded, and died shortly thereafter, and numbers of the other group were wounded by a shotgun carried by the younger Hoyle.

The evidence is contradictory as to who was the aggressor and as to which of the opposite group fired the fatal shot. There is evidence, however, tending to show that defendants acted in concert, and it is, therefore, not material which inflicted the lethal wound. There is sufficient evidence, notwithstanding its conflict, to sustain a conviction and the demurrer each defendant made to the evidence was properly overruled.

However, the defendants presented evidence tending to show that they acted in self-defense—each of them—entitling them to a proper instruction to the jury on that phase of the case; and the appellants complain of prejudicial omission in that regard.

The defendants introduced evidence tending to show that the deceased had the reputation of being a man of violent character, and the trial judge permitted the State to introduce rebutting evidence. Before the formal charge to the jury and in the course of the trial, the court made the following observation:

"Gentlemen of the jury, yesterday the defendants in this case offered evidence tending to show that the deceased man, Andrew Hoyle, was a man of dangerous and violent character. Where defense interposed is that of self-defense such evidence is competent. Evidence of the general reputation of the deceased is not competent or material in the case, but as the Court has stated, where the defendant interposed his self-defense, then it is proper to show that the deceased was a man of dangerous and violent character."

If this may be considered in the light of an instruction to the jury, which because of its allocation in the proceeding we doubt, it appears to be the only correlation attempted between the admitted testimony that deceased was a man of violent character and disposition and the plea of self-defense. The State contends that it satisfies G. S., 1-180, as a sufficient substantive instruction and that if the defendants desired anything further by way of subordinate elaboration they should have asked for it.

We think, however, that while the jury, in its process of thinking, might have made the correct application of the principle underlying the evidence, this did not relieve the court from more directly and clearly instructing them and explaining to them the bearing the reputation of the deceased as a violent man might have on defendants' reasonable apprehension of death or great bodily harm through the attack to which their evidence pointed.

For this inadvertent error in an able charge, there must be a new trial. It is so ordered.

New trial.

DEVIN, J., dissenting: I cannot agree that a new trial should be ordered in this case. The ground upon which it is awarded seems to me to be of insufficient importance to set aside the verdict and judgment reached after full hearing and a lengthy trial. Even if the trial court's reference to this type of character evidence as offered was not as full as it might have been, the court seems to have sufficiently correlated the evidence to the plea of self-defense. The jury heard all the evidence and a full and complete charge from the court as to the law, and I cannot see that by the language quoted the jury was thereby influenced to render an improper verdict. The burden is on the defendant here "not only to show error but also that he was prejudiced thereby to the extent that the verdict of the jury was thereby probably influenced against him." *Rea v. Simonwitz,* 226 N. C., 379, 38 S. E. (2d), 194. The error must be "material and prejudicial amounting to the denial of some substantial right." *Wilson v. Lumber Co.,* 186 N. C., 56, 118 S. E., 797.

I think the verdict of the jury should be upheld and the judgment of the Superior Court affirmed.

BARNHILL, J., concurs in dissent.