STATE OF NORTH CAROLINA v. ROY LEE COVINGTON

No. 7020SC547

(Filed 21 October 1970)

**Homicide § 28— instructions — correlation between plea of self-defense and defendant's violent reputation**

In a homicide prosecution wherein the defendant contended that he was acting in the defense of his sister when he shot the deceased and offered evidence that the deceased had a reputation as a violent and dangerous man in the community, the failure of the trial court in its instructions to make a correlation between the violent reputation of the deceased and the plea of self-defense was reversible error.

Judge VAUGHN concurs in result.

APPEAL by defendant from *Thornburg, Special Superior Court Judge,* 4 May 1970 Session of UNION Superior Court.

Defendant was tried under a bill of indictment charging him with the murder of Preston Colston on 30 September 1969. The State elected not to try the defendant for a capital offense, but instead for second-degree murder or a lesser offense. The jury returned a verdict of guilty of manslaughter.

The factual situation as revealed by the evidence shows that on the night of the shooting, the defendant was a sixteen-year-old boy living with his mother about four miles east of Monroe. A fourteen-year-old sister, Maxine, also lived there, as well as other members of the family. The deceased, a grown man, weighing over 200 pounds and over six feet tall entered the house, apparently uninvited, with a boy companion. The deceased began "messing" with Maxine, and she told him to keep his hands off her. The deceased and Maxine then had words, and he accused Maxine of cursing him, which Maxine denied to her mother. The deceased then commenced slapping Maxine and grabbed her around the neck and drug her down the hall choking her. The mother attempted to separate them but without success. The deceased stated that he was "going to beat her [Maxine's] . . . brains out." The defendant told the deceased to stop beating and choking Maxine and to leave the house. The mother also requested the deceased to leave the house. The deceased paid no attention to these requests but continued choking Maxine. The defendant then went into his room, procured a shotgun, and shot the deceased in the back, just below the left shoulder blade, producing death.

There was testimony that the deceased was a strong man who would fight and that he had a reputation as a violent and dangerous man in the community.

*Attorney General Robert Morgan by Staff Attorney Donald M. Jacobs for the State.*

*Thomas and Harrington by Larry E. Harrington for defendant appellant.*

CAMPBELL, Judge.

There are several assignments of error, and, since a new trial must be granted, we follow the rule to omit discussion of those matters not likely to recur on another hearing.

The defendant presented evidence tending to show that he acted in self-defense of his sister, an immediate member of his family.

The defendant assigns as error that the trial judge did not adequately instruct the jury on the circumstances they could consider in determining the reasonableness of the quantum of force used by the defendant to repel the assault on his sister. A careful examination of the charge reveals that in only one instance was the evidence that the deceased was a violent and dangerous man mentioned. This was done in the summation of the evidence on behalf of the defendant. There was, however, no correlation between the testimony of the violent and dangerous character of the deceased and the plea of killing in defense of the defendant's sister. Failure to make this correlation is reversible error.

In *State v. Riddle*, 228 N.C. 251, 45 S.E. 2d 366 (1947), there was mention of the fact that the deceased was a man of violent and dangerous character in connection with the plea of self-defense, but the Supreme Court held the correlation was not sufficient. In that case it is stated:

"We think, however, that while the jury, in its process of thinking, might have made the correct application of the principle underlying the evidence, this did not relieve the court from more directly and clearly instructing them and explaining to them the bearing the reputation of the deceased as a violent man might have on defendants' reasonable apprehension of death or great bodily harm through the attack to which their evidence pointed."

In the instant case no correlation at all was made between the reputation of the deceased as a violent and dangerous person and the plea of self-defense.

For this inadvertent error in an able charge, there must be a new trial. It is so ordered.

New trial.

Judge BRITT concurs.

Judge VAUGHN concurring in result.