STATE OF NORTH CAROLINA v. GIRADEAU HALL

No. 7618SC359

(Filed 6 October 1976)

1. Assault and Battery § 15— self-defense — jury instructions proper

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court's instruction on self-defense which followed closely the pattern jury instructions of the superior court judges was proper.

2. Assault and Battery § 8— self-defense pleaded — violent nature of victim — evidence improperly excluded

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury where defendant claimed self-defense, the trial court erred in sustaining the State's objection to defendant's testimony that the victim of the assault had previously told defendant that he had shot somebody with his pistol, since the evidence was admissible as bearing on the reasonableness of defendant's apprehension that the victim would harm him; however, since defendant's testimony was not stricken and the jury was not instructed to disregard the answer, the error was not sufficiently prejudicial to require a new trial.

3. Assault and Battery § 15— victim as violent man — defendant's plea of self-defense — failure to correlate in instructions

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury where defendant claimed self-defense, the trial court erred in not correlating, in its instructions to the jury, the evidence indicating that the victim was a dangerous and violent man with defendant's plea of self-defense.

**4. Assault and Battery § 15— self-defense — insufficiency of instructions**

> In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court erred in failing to include in its instructions to the jury a proper and *final* mandate on the issue of self-defense.

APPEAL by defendant from *Albright, Judge.* Judgment entered 3. December 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 14 September 1976.

Upon a plea of not guilty defendant was tried on a bill of indictment charging him with assaulting Oliver Jamieson with a deadly weapon with intent to kill, inflicting serious injuries. The offense allegedly occurred on 25 April 1975 and evidence presented by the State tended to show:

In the early afternoon on said date defendant and Jamieson engaged in a fight at the home of Butch Fox in Greensboro. Following the fight defendant drove away from the Fox home and Jamieson also left. Some twenty or thirty minutes later, while Jamieson was standing on the side of Asheboro Street talking to some friends, defendant drove up and shot him in his leg with a rifle. The bullet shattered Jamieson's left femur, necessitating hospitalization for two months.

Defendant offered evidence tending to show: Jamieson often carried a pistol and prior to the date in question had been arrested for possession of two pounds of marijuana. Jamieson accused defendant of telling the police about the marijuana. After the fight at the Fox residence and defendant had entered his car to leave, Jamieson stepped between the car door and seat and said: "Nigger, if you close the door on me, I will kill you." Defendant succeeded in closing the door and began driving to his father's restaurant on Asheboro Street. While driving he noticed that Jamieson was following him. Remembering that Jamieson had threatened to kill him, defendant went to his brother's home and obtained a gun. He then drove back to Asheboro Street and, as he stopped to make a left turn, he saw Jamieson walking out into the street with his hand in his pocket. Thinking Jamieson was reaching for a gun, he stepped out of the car and shot Jamieson in self-defense but did not intend to kill him.

The court charged the jury that they could return one of five verdicts: Guilty of assault with a deadly weapon with

intent to kill inflicting serious injury; guilty of assault with a deadly weapon inflicting serious injury; guilty of assault with a deadly weapon with intent to kill; guilty of assault with a deadly weapon; or, not guilty.

The jury found defendant guilty of assault with a deadly weapon inflicting serious injuries and from judgment imposing prison sentence of not less than five nor more than ten years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., for the State.*

*Smith, Patterson, Follin, Curtis & James, by Michael K. Curtis, for defendant appellant.*

BRITT, Judge.

[1] Defendant assigns as error the following instructions given by the trial court to the jury:

"If you find from the evidence beyond a reasonable doubt that the defendant Hall assaulted Oliver Jamieson with intent to kill, that assault would be excused as being in self-defense only if the circumstances at the time he acted were such as would create in the mind of a person of ordinary firmness a reasonable belief that such action was necessary to protect himself from death or great bodily harm, and the circumstances did create such belief in the defendant's mind. It is for you, the jury, to determine the reasonableness of the defendant's belief from the circumstances as they appeared to him at the time.

"If you find from the evidence beyond a reasonable doubt that the defendant assaulted Oliver Jamieson but do not find that he had an intent to kill, that assault would be excused as being in self-defense if the circumstances at the time he acted were such as would create in the mind of a person of ordinary firmness a reasonable belief that such action was necessary to protect himself from bodily injury or offensive physical contact, and the circumstances did create such belief in the defendant's mind, even though he was not thereby put in actual or apparent danger of death or great bodily harm. However, even if the defendant did not intend to kill, the force used cannot have been excessive. This means that the defendant had the right to use

only such force as reasonably appeared to him to be necessary under the circumstances to protect himself from bodily injury or offensive physical contact. Again, it is for you, the jury, to determine the reasonableness of the defendant's belief from the circumstances as they appeared to him at the time."

We note that the challenged instructions follow very closely those on the subject recommended by the N. C. Conference of Superior Court Judges in its *Pattern Jury Instructions for Criminal Cases.* While the wording of the instructions could be improved upon, we believe they are supported by the case law of this jurisdiction.

In *State v. Anderson,* 230 N.C. 54, 55-56, 51 S.E. 2d 895, 896-897 (1949), in an opinion by Justice Ervin, we find:

"It is undoubted law that a person cannot excuse taking the life of an adversary upon the ground of self-defense unless the killing is, or reasonably appears to be, necessary to protect himself from death or great bodily harm. *S. v. Hand,* 170 N.C. 703, 86 S.E. 1005. The defendant has not taken human life. It is alleged in the indictment, however, that he committed a felonious assault and battery upon the prosecuting witness with a deadly weapon in an unsuccessful attempt to kill the prosecuting witness contrary to G.S. 14-32. Both authority and logic declare that the law of self-defense in cases of homicide applies also in cases of assault with intent to kill, and that an unsuccessful attempt to kill cannot be justified unless the homicide would have been excusable if death had ensued. 40 C.J.S., Homicide, section 89. It follows that where an accused has inflicted wounds upon another with intent to kill such other, he may be absolved from criminal liability for so doing upon the principle of self-defense only in case he was in actual or apparent danger of death or great bodily harm at the hands of such other. *S. v. Elmore,* 212 N.C. 531, 193 S.E. 713; *S. v. Bridges,* 178 N.C. 733, 101 S.E. 29.

\* \* \*

"The law does not compel any man to submit in meekness to indignities or violence to his person merely because such indignities or violence stop short of threatening him with death or great bodily harm. If one is without fault in provoking, or engaging in, or continuing a difficulty

with another, he is privileged by the law of self-defense to use such force against the other as is actually or reasonably necessary under the circumstances to protect himself from bodily injury or offensive physical contact at the hands of the other, even though he is not thereby put in actual or apparent danger of death or great bodily harm." (Numerous citations.)

*State v. Anderson, supra,* has been quoted from and cited with approval in numerous cases including the recent cases of *State v. Pearson,* 288 N.C. 34, 39, 215 S.E. 2d 598 (1975); and *State v. Lewis,* 27 N.C. App. 426, 432-3, 219 S.E. 2d 554, *cert. den.* 289 N.C. 141, 220 S.E. 2d 799 (1975).

The assignment of error is overruled.

[2]   Defendant assigns as error the court's sustaining an objection to his testimony that Jamieson had told him he had shot at someone with his pistol.

While defendant was on redirect examination he stated that prior to the occasion in question Jamieson had threatened him; that during the time he was sharing a room or apartment with Jamieson he observed a pistol on Jamieson's person on numerous occasions. Defendant was then asked if Jamieson ever told him that he shot at somebody with his pistol. The district attorney objected, defendant answered "Yes," the court then sustained the objection but there was no motion to strike the answer or any instruction to the jury to disregard it.

In *State v. Johnson,* 270 N.C. 215, 219-20, 154 S.E. 2d 48, 51-52 (1967), we find:

"In the case of *Nance v. Fike,* 244 N.C. 368, 93 S.E. 2d 443, the Court, speaking through Bobbitt, J., stated: 'Ordinarily, evidence of prior threats and of incidents of violence on prior unrelated occasions are competent only if the defendant was present or had knowledge thereof prior to the alleged assault. *S. v. Blackwell,* 162 N.C. 672, 78 S.E. 316.'

"The rationale of this rule is that a jury should, as far as is possible, be placed in defendant's situation and possess the same knowledge of danger and the same necessity for action, in order to decide if defendant acted under reasonable apprehension of danger to his person or his life. We

know of no better way to impart the knowledge of fear or apprehension on the part of defendant than by giving the jury the benefit of specific incidents tending to show the dangerous and violent character of the deceased. It remains in the province of the jury to decide whether the incidents occurred or whether defendant's apprehension was a reasonable one. Here, it was error for the trial judge to limit defendant's testimony, *as a matter of law,* to his own experiences with the deceased. He should have been allowed to relate specific acts of violence which occurred when he was present or of which he had knowledge prior to the homicide."

See also Stansbury's N. C. Evidence 2d § 106 (Brandis Rev. 1973).

While recognizing the rule restated in *State v. Johnson, supra,* the State argues that there was no evidence that defendant was present at the time Jamieson allegedly shot at someone with his pistol or that defendant had personal knowledge of the incident. We think Jamieson's telling defendant was sufficient to vest defendant with "knowledge" of the incident.

We hold that the trial court erred in sustaining the objection. However, since defendant's answer was not stricken and the jury was not instructed to disregard the answer, we do not think this error standing alone was sufficiently prejudicial to defendant to warrant a new trial.

[3] Closely related to defendant's assignment of error just discussed is his assignment that the trial court erred in failing to correlate the evidence indicating that Jamieson was a dangerous and violent man with defendant's plea of self-defense.

In *State v. Rummage,* 280 N.C. 51, 54-55, 185 S.E. 2d 221, 224 (1971), we find:

"In instant case there was plenary evidence that deceased was a dangerous and violent man when he was intoxicated. There was also evidence that he was intoxicated at the time he was fatally shot. The trial judge failed to charge as to the bearing the reputation of deceased as a violent man might have had on defendant's reasonable apprehension of death or great bodily harm at the time deceased allegedly attacked or threatened to attack defendant. This was error.

"Nevertheless, we are reluctant to hold that this error, standing alone, constituted reversible error, since the trial judge had otherwise fully charged on self-defense. . . ."

See also *State v. Riddle,* 228 N.C. 251, 45 S.E. 2d 366 (1947), and *State v. Covington,* 9 N.C. App. 595, 176 S.E. 2d 872 (1970).

Along with our holding that the trial court erred in sustaining the objection to defendant's testimony that Jamieson had told him about shooting at some third party, we hold that the court erred in not correlating, in its instructions to the jury, the evidence indicating that Jamieson was a dangerous and violent man.

[4] Finally, defendant assigns as error the failure of the court to include in its instructions to the jury a proper and final mandate on the issue of self-defense.

In support of this assignment defendant relies on *State v. Dooley,* 285 N.C. 158, 203 S.E. 2d 815 (1974) ; we quote from the opinion by Justice Moore (pages 165-166) :

"We agree with defendant that a specific instruction on self-defense should have been given by the trial judge in his final mandate to the jury. Defendant's defense rested solely on self-defense. Although the court prior to the final mandate explained the law relating to self-defense, in his final instruction he omitted any reference to self-defense other than to say 'but [if] you are satisfied that the defendant killed Thomas without malice, or that he killed him in the heat of a sudden passion, and that in doing so, that he used excessive force in the exercise of self-defense, it would be your duty to return a verdict of manslaughter.' Here in the final mandate the court gave special emphasis to the verdicts favorable to the State, including excessive use of force in self-defense as a possible verdict. At no time in this mandate did the court instruct the jury that if it was satisfied by the evidence that defendant acted in self-defense, then the killing would be excusable homicide and it would be their duty to return a verdict of not guilty.

"The failure of the trial judge to include not guilty by reason of self-defense as a possible verdict in his final mandate to the jury was not cured by the discussion of the

law of self-defense in the body of the charge. By failing to so charge, the jury could have assumed that a verdict of not guilty by reason of self-defense was not a permissible verdict in the case. . . ."

In the case at hand, the trial judge in the mandate in his principle charge did not include a specific instruction on self-defense. After the jury had deliberated for some period of time they returned to the courtroom and requested further instructions on self-defense and "inflicting serious injury." Thereupon, the court repeated its previously given instructions on self-defense after which it restated the elements of the offenses of (1) assault with a deadly weapon with intent to kill inflicting serious injury, (2) assault with a deadly weapon inflicting injury, (3) assault with a deadly weapon with intent to kill, and (4) assault with a deadly weapon, and gave a mandate following each offense. In none of the mandates, or thereafter, did the court again refer to self-defense. We hold that the court erred.

While none of the errors found by us, standing alone, might be sufficiently prejudicial to justify a new trial, we conclude that the errors when considered collectively did constitute error sufficiently prejudicial to justify that relief.

New trial.

Judges PARKER and CLARK concur.