STATE OF NORTH CAROLINA v. WADE LEE POWELL

No. 8010SC990

(Filed 17 March 1981)

**Assault and Battery § 15.6– self-defense – failure to instruct on victim as violent and dangerous man**

In a prosecution of defendant for assault with a deadly weapon with intent to kill inflicting serious injury, considering the totality of the evidence presented, the paucity of evidence tending to show self-defense, the fact that the court's instructions to the jury as to self-defense were otherwise complete, and the fact that the court adequately instructed the jury as to the defense of accident, defendant failed to sustain the burden imposed on him by G.S. 15A-1443 of showing prejudice as a result of the trial court's error in failing to charge regarding the evidence that the victim was a violent and dangerous man.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 29 May 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 2 March 1981.

Defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injuries. He pleaded not guilty and was tried before a jury.

The State presented Harry McKethan to testify. He testified that he was in charge of a grocery store on 1 December 1979 when defendant's brother Skip Powell entered and asked for a paper towel. He refused to give him the towel. Skip then went outside and talked with his brothers, Byron Powell and the defendant. Byron entered the store threatening to take McKethan's gun and kill him. He grabbed McKethan's arm, and defendant then entered the store and grabbed his other arm. McKethan was able to get his hand on his .38 caliber pistol under the grocery store counter, but Byron took the gun away and gave it to defendant. Defendant stood six or seven feet from McKethan and shot him in the stomach. Byron and defendant walked out of the store; but they returned after several minutes, and defendant shot McKethan in the right hand. McKethan denied ever pointing the gun at anyone.

Defendant testified that he was outside the store when he saw McKethan pull the pistol and saw his brother Byron struggling with McKethan. He entered the store and tried to get the pistol from McKethan "so no one would get hurt," but the gun went off during the struggle. Defendant took the gun and went outside. He opened the door of the store and fired in the air just as McKethan "throwed up his hands," and defendant "guess[ed] that's about how he got his [sic] in the wrist." Defendant testified that he fired the second time to scare McKethan because McKethan had pulled a gun on him in 1975 and had shot him in the leg in 1973.

Defendant was convicted as charged and sentenced to imprisonment. He appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*Cyrus A. Holbrook for defendant appellant.*

WHICHARD, Judge.

By his sole argument on appeal defendant contends the trial court erred in its instructions on self-defense. He argues that the court should have instructed the jury to consider, in determining the reasonableness of defendant's apprehension of death or great bodily harm, among other factors, the reputation of McKethan for danger and violence.

In prosecutions for homicide and assault, where the defendant pleads and offers evidence of self-defense, evidence of the character of the victim as a violent and dangerous fighting man is admissible if such character was known to the defendant. *State v. Johnson*, 270 N.C. 215, 154 S.E. 2d 48 (1967); *see also State v. Mize*, 19 N.C. App. 663, 199 S.E. 2d 729 (1973); 1 Stansbury's N.C. Evidence, § 106 (Brandis rev. 1973). Such evidence is relevant on the question of the defendant's reasonable apprehension of death or bodily harm in his confrontation with the victim, *Johnson*, 270 N.C. at 219, 154 S.E. 2d at 52; and it may include specific acts of violence by the deceased. As stated in *Johnson:*

> We know of no better way to impart the knowledge of fear or apprenhension on the part of defendant than by giving the jury the benefit of specific incidents tending to show the dangerous and violent character of the deceased. It remains in the province of the jury to decide whether the incidents occurred or whether defendant's apprehension was a reasonable one.

270 N.C. at 219-220, 154 S.E. 2d at 52.

It is also true that when such evidence is introduced by the defendant, the court, even in the absence of a request, should instruct the jury as to the bearing which this evidence might have on defendant's reasonable apprehension of death or great bodily harm from the attack to which his evidence pointed. *State v. Rummage*, 280 N.C. 51, 54, 185 S.E. 2d 221, 224 (1971); *State v. Riddle*, 228 N.C. 251, 45 S.E. 2d 366 (1947); *State v. Hall*, 31 N.C. App. 34, 228 S.E. 2d 637 (1976); *State v. Covington*, 9 N.C. App. 595, 176 S.E. 2d 872 (1970).

In this case the trial court instructed with respect to defendant's reasonable apprehension as follows:

> If you find from the evidence beyond a reasonable doubt that defendant Wade Powell feloniously assaulted Harry

McKethan with a firearm, a pistol, and shot him, that assault would be excused as being in self-defense, only if the circumstances at the time he acted were such as would create in the mind of a person with ordinary firmness a reasonable belief that such action was necessary or apparently necessary to protect himself from death or great bodily harm, and the circumstances did create such belief in the defendant's mind.

It is for you the jury to determine the reasonableness of Wade Powell's belief from the circumstances as they appear [sic] to him at the time. However, the force used by Wade Powell cannot have been excessive. This means that Wade Powell had the right to use only such force as reasonably appeared to him to be necessary under the circumstances, to protect himself from death or great bodily harm.

In making this determination you should consider the circumstances as you found them to have existed from the evidence, including the size, age, and strength of Wade Powell; as compared to size, age, and strength of Harry McKethan, the alleged victim; the fierceness of the assault if any upon the defendant by Harry McKethan; and whether or not Harry McKethan had a weapon in his possession.

We agree with the defendant that the court erred by failing to correlate the evidence of McKethan's previous assaults upon defendant, which indicated that McKethan was a dangerous and violent man, with the defendant's plea of self-defense. *State v. Riddle*, 228 N.C. 251, 45 S.E. 2d 366 (1947). It remains for us to determine whether defendant has sustained his burden of showing that this error was sufficiently prejudicial to warrant a new trial. G.S. 15A-1443(a).

In *Rummage*, our Supreme Court stated, per Justice (now Chief Justice) Branch:

In instant case there was plenary evidence that deceased was a dangerous and violent man when he was intoxicated. There was also evidence that he was intoxicated at the time he was fatally shot. The trial judge failed to charge as to the bearing the reputation of deceased as a violent man might have had on defendant's reasonable

apprehension of death or great bodily harm at the time deceased allegedly attacked or threatened to attack defendant. This was error.

Nevertheless, we are reluctant to hold that this error, standing alone, constituted reversible error, since the trial judge had otherwise fully charged on self-defense.

280 N.C. at 54-55, 185 S.E. 2d at 224. Here, too, the jury instructions as to self-defense were otherwise complete; and we are equally reluctant to hold that "this error, standing alone, constituted reversible error." *Rummage*, 280 N.C. at 55, 185 S.E. 2d at 224. Considering the totality of the evidence presented, and the paucity of evidence tending to show self-defense, we do not believe "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial . . . ." G.S. 15A-1443(a). This is especially true in light of the fact that the evidence here established that defendant shot the victim twice. As to the second shooting defendant did not assert a defense of self-defense, but rather asserted that this shot hit the victim by accident.

We hold that, considering (1) the totality of the evidence presented, (2) the paucity of evidence tending to show self-defense, (3) the fact that the court's instructions to the jury as to self-defense were otherwise complete, and (4) the fact that the court adequately instructed the jury as to the defense of accident, defendant has failed to sustain the burden imposed on him by G.S. 15A-1443 of showing prejudice as a result of the court's error in failing to charge regarding the evidence that the victim was a violent and dangerous man.

No error.

Chief Judge Morris and Judge Martin (Robert M.) concur.