STATE OF NORTH CAROLINA v. JOHNNY BOYD TANN

No. 814SC980

(Filed 1 June 1982)

1. **Assault and Battery § 15.6— self-defense— failure to correlate evidence to reasonableness of defendant's apprehension**

    In a prosecution for assault with a deadly weapon with intent to kill in which defendant claimed self-defense and there was evidence that the victim had threatened defendant's life on two occasions, the trial court erred in failing to instruct the jury as to the bearing that evidence that the victim was a violent and dangerous man might have had on the reasonableness of defendant's apprehension of death or great bodily harm.

2. **Assault and Battery § 15.6— defendant as aggressor—unavailability of self-defense—erroneous instruction**

    The trial court in a felonious assault case erred in instructing the jury that self-defense was unavailable to the defendant if he was the aggressor where there was no evidence that defendant was the aggressor.

3. **Assault and Battery § 13— reputation of victim for violence—exclusion of evidence not error**

    The trial court in a felonious assault prosecution did not err in limiting the scope of defense counsel's cross-examination of a police officer concerning the victim's reputation in the community for violence where no evidence of self-defense had been introduced at that time, and the court's ruling did not preclude questions regarding this subject at a later time.

APPEAL by defendant from *Barefoot, Judge.* Judgment pronounced 21 May 1981 in Superior Court, DUPLIN County. Heard in the Court of Appeals 1 March 1982.

Defendant was tried for assault with a deadly weapon inflicting serious injury. The evidence adduced at trial showed that defendant twice shot the victim, Michael Faison, during a scuffle on 13 July 1980.

Defendant and Faison were second cousins. Defendant, in the early summer of 1980, did mechanical work on Faison's automobile, but a dispute arose between the men concerning the

adequacy of the repairs. Defendant at trial recounted an incident that occurred approximately a week before the shooting in which Faison, displaying a straight razor, said: "I should hit you anyway," and "Don't mess with me, boy, I'll put a pill in you." Defendant further testified that he was forced out of his truck by Faison on the evening of 13 July 1980. Defendant said Faison brandished a pistol, pushed him against the truck, threatened him and demanded his paycheck. Faison admitted that he had a gun, but denied making it visible to defendant.

Defendant and a friend, minutes after the initial confrontation that evening, went to a convenience store in the Town of Faison called the "Friendly Mart". Michael Faison also arrived at the store and purchased gasoline. Faison approached defendant and resumed their quarrel. Faison concealed a pistol in his back pocket. He grabbed defendant and pushed him against a car. The men struggled. Defendant said that he pushed Faison back and twice shot him with a .38 caliber pistol when it appeared Faison was reaching for a gun. The first bullet entered Faison's shoulder and severed his spinal chord. There was evidence that the second bullet entered the victim's jaw as he lay on the ground, paralyzed by the first shot.

Defendant did not deny the shooting; rather, he claimed that he acted in self defense. The jury was instructed regarding self defense.

Defendant was found guilty of assault with a deadly weapon inflicting serious injury. He appeals from an order of imprisonment.

*Attorney General Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the state.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry, for defendant appellant.*

MORRIS, Chief Judge.

[1] Defendant by his first assignment contends that the trial court committed reversible error by failing to instruct the jury regarding what circumstances should be considered in determining the reasonableness of defendant's apprehension of death or great bodily harm.

The reasonableness of the apprehension must be determined by the jury on the basis of all facts and circumstances as they appeared to defendant at the time of the shooting. *State v. Ellerbe,* 223 N.C. 770, 28 S.E. 2d 519 (1944).

> Among the circumstances to be considered by the jury are the size, age and strength of defendant's assailant in relation to that of defendant; the fierceness or persistence of the assault upon defendant; whether the assailant had or appeared to have a weapon in his possession; and the reputation of the assailant for danger and violence.

*State v. Clay,* 297 N.C. 555, 563, 256 S.E. 2d 176, 182 (1979). The trial judge told the jurors that " . . . it is for you, the jury, to determine the reasonableness of the defendant's belief from the circumstances as they appeared to him at the time." He did not, however, relate any of the circumstances enumerated in *Clay* that are to be considered in examining reasonableness.

> The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side and on the other, *and to bring into view the relation of the particular evidence adduced to the particular issue involved. Bird v. U.S.,* 180 U.S. 356, 45 L.Ed., 570.

(Emphasis added.) *State v. Sutton,* 230 N.C. 244, 247, 52 S.E. 2d 921, 923 (1949), *quoting State v. Friddle,* 223 N.C. 258, 25 S.E. 2d 751 (1943). It has been held that failure to correlate evidence indicating that a victim was a dangerous and violent fighting man with a defendant's plea of self defense, is error. *State v. Rummage,* 280 N.C. 51, 185 S.E. 2d 221 (1971), *State v. Riddle,* 228 N.C. 251, 45 S.E. 2d 366 (1947), *State v. Powell,* 51 N.C. App. 224, 275 S.E. 2d 528 (1981); *State v. Hall,* 31 N.C. App. 34, 228 S.E. 2d 637 (1976); *State v. Covington,* 9 N.C. App. 595, 176 S.E. 2d 872 (1970). Specific incidents tending to show the dangerous and violent character of the victim may be introduced. *State v. Johnson,* 270 N.C. 215, 154 S.E. 2d 48 (1967). Defendant testified that Faison indicated he would "put a pill in defendant" a week before the shooting, and there was evidence that Faison threatened defendant's life on the evening of 13 July before either party arrived at the scene of the shooting. When evidence tending to show the dangerous and violent character of a victim is introduced, the

court, even in the absence of a request, should instruct the jury as to the bearing defendant's knowledge thereof might have on his reasonable apprehension of death or great bodily injury. *State v. Rummage, supra; State v. Powell, supra; State v. Hall, supra.* Though the trial judge related in his summary some evidence that Faison had threatened defendant prior to the shooting, he failed to establish a relation between the previous incidents and defendant's claim of self defense; indeed, he did not directly explain and apply the law of self-defense to any of the evidence except to say that the jury "should consider . . . [w]hether or not Michael Faison had a weapon in his pocket." This was error.

Our courts, upon finding error in the failure of trial courts to correlate evidence of the victim's dangerous and violent character, have frequently deemed such error nonprejudicial and have declined to order a new trial. *State v. Rummage, supra; State v. Powell, supra; State v. Hall, supra; State v. Cole,* 31 N.C. App. 673, 230 S.E. 2d 588 (1976). We find error in the court's dereliction, but consider it unnecessary to determine whether that error alone demands that defendant be given a new trial, because defendant's second assignment, singly and in conjunction with the first, points to prejudice and grounds for reversal.

[2] Defendant contends that the trial court erred in its instructions to the effect that self defense was unavailable to the defendant if he was the aggressor. Defendant makes this assertion because the testimony of both victim and defendant point to Faison as the initial assailant.

It is clear that Faison approached defendant at the Friendly Mart, grabbed him by the shirt, and pushed him. However,

> . . . the right of self defense is only available to a person who is without fault, and if a person voluntarily, that is aggressively and willingly, enters into a fight, he cannot invoke the doctrine of self-defense unless he first abandons the fight, withdraws from it and gives notice to his adversary that he has done so.

(Citations omitted.) *State v. Marsh,* 293 N.C. 353, 354, 237 S.E. 2d 745, 747 (1977). There is no conflict of evidence as to which of the parties was the aggressor. Defendant did not start the fight. He was clearly entitled to, and did receive, an instruction on self

defense. He was, however, prejudiced by the further instruction that he could not avail himself of the doctrine of self defense if "he, Johnney Tann, used excessive force *or was the aggressor.*" See *State v. Ward,* 26 N.C. App. 159, 215 S.E. 2d 394 (1975); see *State v. Miller,* 223 N.C. 184, 25 S.E. 2d 623 (1943). We said in *Ward,* a case in which the record revealed no evidence of aggression on the defendant's part, that

> [T]here is no evidence in the record that the defendant was the aggressor . . . . Since the jury found the defendant guilty . . . , it seems likely . . . that the jury believed the defendant acted in self defense but used excessive force or that he, the defendant, was the aggressor.

*State v. Ward,* supra at 163, 215 S.E. 2d at 396-97. We went on to say that it could not be assumed

> . . . that the jury was more discriminating than the judge and ignored the erroneous instruction while applying the correct one.

*Id.* We there held, as we do here, that the error in giving the instruction regarding aggression was prejudicial.

The state urges upon us that defendant, who anticipated the confrontation, armed himself with a .38 caliber pistol, and failed to avoid the fight, was somehow responsible for causing the altercation. These observations do not in any way suggest that defendant was the provocator, however. See *State v. Spaulding,* 298 N.C. 149, 257 S.E. 2d 391 (1979).

[3] Defendant, by his third and final assignment, asserts that a ruling by the trial court limiting the scope of counsel's cross examination of Officer Alton Ray King of the Faison Police Department regarding Michael Faison's reputation in the community for violence, was erroneous. We disagree. Faison's character was not relevant unless there was evidence tending to show that the assault was committed in self defense. *State v. Turpin,* 77 N.C. 473 (1877).

> [I]n assault cases . . . when the defendant pleads and offers evidence of self defense, he may then offer . . . evidence tending to show the bad general reputation of his . . . assailant as a violent and dangerous fighting man . . . .

---

*Nance v. Fike*, 244 N.C. 368, 373, 93 S.E. 2d 443, 446 (1956). Counsel asked Officer King about Faison's reputation for violence before any evidence on the issue of self defense was introduced. Therefore, the court's ruling was proper, and did not preclude questioning regarding the subject at a later time.

We find merit in defendant's first and second assignments and accordingly must order a

New trial.

Judge VAUGHN concurs.

Judge HEDRICK concurs in result.