STATE OF NORTH CAROLINA v. NATHAN EXAVIA WILLIAMS

No. 9025SC88

(Filed 6 November 1990)

**1. Indictment and Warrant § 8.4 (NCI3d) — murder — motion for bill of particulars — State not required to elect theory**

    The trial court did not err in a murder prosecution by overruling defendant's objection to arraignment and deferring his motion for a bill of particulars to the judge who was scheduled to preside at defendant's trial. The State is not generally required to elect its theory of prosecution in a murder case before trial, and a motion for a bill of particulars is directed to the discretion of the trial judge.

    **Am Jur 2d, Homicide § 211.**

**2. Criminal Law § 258 (NCI4th) — murder — continuance — denied**

    The trial court did not err by denying defendant's motion to continue a murder trial for eight days where both defense attorneys withdrew from the case. Defendant's substitute lead counsel at trial was appointed twelve weeks before trial began, substitute co-counsel was appointed over three weeks prior to trial, defendant's lead counsel proceeded with discovery on 30 May 1989, and defendant's trial was on 21 August 1989.

    **Am Jur 2d, Continuance §§ 83-88.**

    **Withdrawal, discharge, or substitution of counsel in criminal case as ground for continuance. 73 ALR3d 725.**

3. **Criminal Law § 273 (NCI4th) — murder — absent witnesses — continuance denied**

The defendant in a murder trial could not argue that the trial court erred by proceeding to trial without testimony from certain witnesses where defendant neither moved for a recess nor objected to the trial court's decision to proceed when his witnesses had not appeared after fifty minutes. N. C. Rules of Appellate Procedure, Rule 10(b)(1).

**Am Jur 2d, Continuance §§ 62, 63.**

4. **Homicide § 28 (NCI3d) — murder — self-defense — not available**

The trial court did not err in a murder prosecution by instructing the jury that self-defense would not be available if defendant were the aggressor where the record indicates that defendant had to walk all the way across a room to get a gun from under a pillow on a couch; the victim was unarmed when he was shot; and there was testimony that defendant shot the victim a second time even after he pleaded with defendant not to shoot him again.

**Am Jur 2d, Homicide §§ 140, 145, 146, 152, 519.**

5. **Homicide § 28.4 (NCI3d) — murder — duty to retreat — instruction not given**

The trial court did not err by refusing to give an instruction on the duty to retreat in defendant's own home where there was no evidence that defendant was assaulted or attacked by the victim at the time of the shooting.

**Am Jur 2d, Homicide §§ 162, 167, 520.**

6. **Criminal Law § 1200 (NCI4th) — second degree murder — sentencing — mitigating factor — self-defense**

The trial court did not err when sentencing defendant for second degree murder by rejecting self-defense as a mitigating factor. Although the court stated that "you used that as a defense [and] the jury rejected it, I do likewise," the record clearly indicates that the trial court did not believe that defendant was acting in self-defense prior to the jury verdict.

**Am Jur 2d, Criminal Law §§ 598, 599; Homicide § 139.**

STATE v. WILLIAMS

[100 N.C. App. 567 (1990)]

7. **Criminal Law § 1233 (NCI4th)— second degree murder— sentencing—mitigating factor—limited mental capacity**

The trial court acted within its discretion in refusing to find limited mental capacity as a mitigating factor where defendant failed to meet his burden of showing that his limited mental capacity significantly reduced his culpability. Evidence of limited mental capacity by itself does not require the trial court to find the mitigating circumstance.

**Am Jur 2d, Criminal Law §§ 598, 599.**

8. **Criminal Law § 909 (NCI4th)— murder—sufficiency of evidence of first degree—any error in submitting cured by verdict**

The trial court did not err by submitting first degree murder to the jury in a prosecution in which defendant was convicted of second degree murder where the evidence tended to show that defendant had become romantically involved with the victim's girlfriend and that he shot the victim despite the absence of any immediate threat to his person. Assuming *arguendo* that it was error to submit this issue to the jury, it is well established in North Carolina that a conviction on a lesser offense renders any error in submission of a greater offense harmless.

**Am Jur 2d, Homicide §§ 525, 529; Trial § 923.**

**Modern status of law regarding cure of error, in instruction as to one offense, by conviction of higher or lesser offense. 15 ALR4th 118.**

APPEAL by defendant from *Downs (James U.), Judge.* Judgment entered 24 August 1989 in Superior Court, CATAWBA County. Heard in the Court of Appeals 22 October 1990.

Defendant was charged in a proper bill of indictment with murder in violation of G.S. 14-17. The record on appeal tends to show that on 6 April 1989, while at his own residence, defendant shot and killed Clarence Whitener after Whitener physically assaulted Linda Walton and ignored defendant's repeated requests to leave the premises. A jury found defendant guilty of second degree murder. From a judgment imposing a prison sentence of twenty-five years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Michael Doran for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first assigns as error the trial court's overruling of his objection to arraignment and deferral of his motion for a bill of particulars to the judge who was scheduled to preside at defendant's trial. He complains that he was "prejudiced in preparation of his defense and preparation for trial" because the indictment did not properly inform him as to whether he was being prosecuted for first or second degree murder.

It is well settled in North Carolina that the State is not generally required to elect its theory of prosecution in a murder case before trial. *State v. Silhan*, 302 N.C. 223, 275 S.E.2d 450 (1981). "Where the factual basis for the prosecution is sufficiently pleaded, defendant must be prepared to defend against any and all theories which these facts may support." *Id.* at 235, 275 S.E.2d at 462. Furthermore, a motion for a bill of particulars is directed to the sound discretion of the trial judge and is not subject to review absent a "gross abuse of discretion." *State v. Randolph*, 312 N.C. 198, 210, 321 S.E.2d 864, 872 (1984). The denial of such a motion "will be held error only when it clearly appears to the appellate court that the lack of timely access to the requested information significantly impaired defendant's preparation and conduct of his case." *State v. Easterling*, 300 N.C. 594, 601, 268 S.E.2d 800, 805 (1980). We have examined the record and find no such impairment of defendant's case. Defendant's argument has no merit.

[2] Defendant next contends the trial court abused its discretion by denying his motion to continue the trial for eight days. He argues that the denial of his motion deprived him of his constitutional right to effective assistance of counsel. We disagree.

Defendant points out that the original lead counsel and co-counsel both withdrew from the case, requiring the appointment of substitute counsel to represent him at trial. However, Mr. Doran, defendant's lead counsel at trial, was appointed as substitute counsel on 26 May 1989, fully twelve weeks before defendant's trial on 21 August 1989. Defendant's co-counsel was appointed on 26 July 1989, over three weeks prior to trial. Furthermore, the record

indicates that defendant's lead counsel began proceeding with discovery on 30 May 1989, when he served the State with a voluntary request for discovery. We are aware of the fact that an accused and his counsel are constitutionally entitled to a reasonable period of time in which to prepare for trial. Nevertheless, the circumstances offered by defendant fail to convince us that the trial judge infringed this right by denying defendant's motion to continue. This assignment of error is therefore overruled.

[3] In his fifth assignment of error, defendant asserts that the trial court "abused its discretion by failing to recess the trial until the arrival of defendant's witnesses." On the final day of trial, defendant's counsel informed the court that defendant's mother, grandmother and sister planned to appear and testify on his behalf. The court recessed for fifty minutes to wait for the appearance of these witnesses before asking defense counsel if they had concluded their case. Although defense counsel agreed to rest and proceed to the jury at this point, defendant now complains that the court should have recessed until the witnesses arrived.

To preserve a question for appellate review, Appellate Rule 10(b)(1) requires a party to present to the trial court "a timely request, objection or motion . . . [and] obtain a ruling [thereon]." N.C.R. App. P. 10(b)(1). In the present case, defendant neither moved for a recess nor objected to the trial court's decision to proceed when his witnesses had not appeared after fifty minutes. Thus, he cannot now argue for the first time that the trial court erred by proceeding to the jury without testimony by such witnesses.

[4] Defendant makes two separate arguments regarding the jury instructions given by the trial court. First, he contends the court should not have instructed the jury that self-defense would not be available to defendant if he were found to be the aggressor. Then, he argues the court erred by refusing to give a jury instruction concerning the right of a person who is without fault in a situation "to stand his ground, with no duty to retreat, when in his own home."

In support of his challenge to the instruction regarding the availability of self-defense to an aggressor, defendant refers us to State v. Tann, 57 N.C. App. 527, 291 S.E.2d 824 (1982). In Tann, this Court held to be error a jury instruction which declared that self-defense was not available to a defendant if he was the aggressor. Id. at 531, 291 S.E.2d at 827. However, defendant overlooks

the fact that in *Tann*, there was absolutely no evidence that defendant was the aggressor. *Id.* at 530, 291 S.E.2d at 827. In fact, the absence of evidence pointing to defendant as the aggressor is what made the instruction prejudicial under the circumstances. *See State v. Ward*, 26 N.C. App. 159, 215 S.E.2d 394 (1975).

In the present case, the record indicates that defendant had to walk all the way across the room to get the gun from underneath a pillow on the couch. It further reveals that the victim was unarmed when he was shot. Finally, there is testimony by Ms. Walton stating that defendant shot Whitener a second time even after he pleaded with defendant not to shoot him again. Such evidence clearly tends to show that defendant was the aggressor. Thus, we find no error in the trial court's instruction as to the availability of self-defense where defendant was the aggressor.

[5] With respect to the instruction regarding a person's duty to retreat when in his or her own home, defendant relies on a decision in which this Court ordered a new trial after the trial court refused to give the requested instruction. *State v. Hearn*, 89 N.C. App. 103, 365 S.E.2d 206 (1988). Once again, however, the circumstances in *Hearn* are clearly distinguishable from those in the case now before us. In *Hearn*, there was testimony indicating that the victim was the aggressor. As a result, this Court determined that the instruction regarding the duty to retreat should have been given. By contrast, the record in the present case contains no evidence suggesting that defendant was assaulted or attacked by the victim at the time of the shooting. In view of this lack of evidence, the instruction requested by defendant was clearly unnecessary. We therefore hold that the trial court was not required to give the instruction regarding the duty to retreat.

[6] Defendant next contends that the trial court "erred in sentencing the defendant to a term of imprisonment exceeding the presumptive sentence." He claims the court abused its discretion by failing to find two statutory factors in mitigation and by concluding that the factors in aggravation outweighed the factors in mitigation, thereby justifying a prison sentence in excess of the presumptive term.

First, defendant argues that his self-defense plea, although rejected by the jury, was "sufficient to support the statutory mitigating factor that the Defendant committed the offense under threat which was insufficient to constitute a defense but significant-

ly reduced his culpability." He submits that the trial court improperly based its decision regarding this factor on the jury verdict and points to the statement made by the trial judge that, "You used that as a defense [and] the jury rejected it, I do likewise." We do not believe this statement requires the conclusion that the trial judge relied on the jury verdict in making its decision on the aggravating factor in question. In fact, the record clearly shows that prior to the jury verdict, the trial court did not believe defendant was acting in self-defense. We therefore conclude that the trial court did not err in its rejection of self-defense as a factor in mitigation.

[7] Defendant also argues that the court erred by rejecting his request that his limited mental capacity be considered a factor in mitigation. However, evidence of limited mental capacity, by itself, does not require a trial court to find mitigating circumstances. *State v. Smith*, 321 N.C. 290, 362 S.E.2d 159 (1987). Defendant bears the burden of showing beyond a reasonable doubt that this lack of capacity significantly reduced defendant's culpability for the offense charged. *State v. Lloyd*, 89 N.C. App. 630, 366 S.E.2d 912 (1988). An examination of the evidence presented in this case does not convince us that defendant's limited mental capacity significantly reduced his culpability. As defendant has failed to meet his burden on this issue, we hold that the trial court acted within its discretion in refusing to find limited mental capacity as a mitigating factor.

[8] Finally, defendant complains that he was prejudiced by the trial court's submission of the issue of first degree murder to the jury. He argues that the evidence was insufficient to support a charge of first degree murder, and, as a result, submission of that issue served only to confuse the jury. We disagree.

Evidence presented at trial tends to show that defendant had become romantically involved with the victim's girlfriend and that he shot the victim despite the absence of any immediate threat to his person. We believe that this evidence justified the submission of first degree murder to the jury. Assuming, *arguendo*, that it was error to submit this issue to the jury, it is well established in North Carolina that a conviction on a lesser offense renders any error in submission of a greater offense harmless. *See, e.g., State v. Casper*, 256 N.C. 99, 122 S.E.2d 805 (1961).

Defendant had a fair trial free from prejudicial error.

No error.

Judges ARNOLD and PHILLIPS concur.