An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-949
NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

STATE OF NORTH CAROLINA

   v.                                Mecklenburg County
                                   No. 12 CRS 214702
CLEVELAND RAY


Appeal by defendant from judgment entered 2 May 2013 by Judge Nathaniel J. Poovey in Mecklenburg County Superior Court. Heard in the Court of Appeals 31 March 2014.

> *Roy Cooper, Attorney General, by Justin M. Hampton, Assistant Attorney General, for the State.*
>
> *Mary March Exum for defendant-appellant.*


DAVIS, Judge.


Cleveland Ray ("Defendant") appeals from a judgment entered upon his conviction for felony possession of cocaine.  After careful review, we find no error.

## Factual Background

Defendant was charged with possession with intent to sell or deliver cocaine and maintaining a dwelling for such purposes. The charges arose from a 4 April 2012 search of a boarding house

where Defendant leased a room. Officers seized 2.6 grams of crack cocaine and $965.00 in cash from Defendant's person.

Defendant was tried during the 1 May 2013 Criminal Session of Mecklenburg County Superior Court. At the close of the State's evidence, Defendant moved for dismissal of the charges against him, and the trial court allowed his motion as to the maintaining a dwelling charge. The jury found Defendant guilty of felony possession of cocaine — the lesser-included offense of possession with intent to sell or distribute cocaine. The trial court sentenced Defendant to a term of 10 to 21 months imprisonment. Defendant appealed to this Court.

**Analysis**

Defendant's sole argument on appeal is that the trial court erred in denying his motion to dismiss the charge of possession with intent to sell or deliver cocaine.

A trial court's denial of a defendant's motion to dismiss is reviewed *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). On appeal, this Court must determine "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator . . . ." *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)

(citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The evidence must be viewed in the light most favorable to the State with every reasonable inference drawn in the State's favor. *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L.Ed.2d 818 (1995). Any inconsistencies or discrepancies in the evidence are for the jury to resolve and do not warrant dismissal. *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).

Although Defendant argues that the trial court erred in denying his motion to dismiss the possession with intent to sell or deliver cocaine charge, he does not contend that the trial court erred in submitting the lesser-included offense of possession of cocaine. Indeed, Defendant concedes on appeal that "the State presented sufficient evidence that [Defendant] possessed cocaine" to withstand the motion to dismiss. The jury ultimately convicted Defendant only of the lesser offense of possession of cocaine.

"[I]t is well established in North Carolina that a conviction of a lesser offense renders any error in submission

of a greater offense harmless." *State v. Williams*, 100 N.C. App. 567, 573, 397 S.E.2d 364, 368 (1990). Thus, even assuming *arguendo* that the trial court erred in submitting the offense of possession with intent to sell or distribute cocaine because there was insufficient evidence of Defendant's intent to sell or distribute, such error was rendered harmless by the jury's verdict convicting him of the lesser-included offense of possession of cocaine. *See State v. Williams*, 154 N.C. App. 176, 181, 571 S.E.2d 619, 622 (2002) (holding that "[e]ven assuming, *arguendo*, there was insufficient evidence of 'serious bodily injury' to satisfy the statutory definition, any error in submission to the jury of the greater offense was rendered harmless by the jury's verdict convicting of the lesser offense of assault inflicting serious injury"). Accordingly, Defendant's argument is overruled.

## Conclusion

For the reasons stated above, we conclude that Defendant received a fair trial free from error.

NO ERROR.

Judges McGEE and ELMORE concur.

Report per Rule 30(e).