STATE OF NORTH CAROLINA v. DOUGLAS R. (DICKEY) MIZE

No. 7315SC550

(Filed 24 October 1973)

1. Criminal Law § 169— failure of record to show excluded testimony

The exclusion of testimony cannot be held prejudicial error where the record fails to show what the witness would have testified had he been permitted to answer the questions objected to.

2. Assault and Battery § 8— felonious assault — self-defense — incidents of violence by victim

In this felonious assault prosecution, the trial court did not err in the exclusion of testimony by defendant that the victim had beaten defendant's estranged wife several times and had broken her brother's arm where there was no showing that any altercation between the victim and defendant's wife or her brother occurred in defendant's presence or that defendant had personal knowledge of any such altercation.

APPEAL by defendant from Bailey, Judge, 15 January 1973 Session of ALAMANCE Superior Court.

The indictment against defendant charged that on or about 15 September 1972, defendant unlawfully, willfully and feloniously assaulted Harold Covert (Covert) with a deadly weapon, to wit: "a military survival fixed blade knife" with the felonious intent to kill and murder the said Harold Covert, inflicting serious injuries not resulting in death. Defendant pleaded not guilty.

The State's evidence in pertinent part showed: On 15 September 1972 defendant and his wife were living separate and apart, and Covert and his wife were living separate and apart. For some four months prior to 20 August 1972, Covert and defendant's wife had been living together, but on that date she "moved out" and obtained her own apartment. Around midnight on 15 September 1972, defendant went to Covert's apartment, knocked on the door and when Covert opened the door, defendant proceeded to cut him about his head and body with a knife. Covert had no weapon about his person when he was cut. Defendant's wife was in Covert's apartment at the time.

Defendant testified in pertinent part as follows: On the night in question, his wife owed him $150 and, seeing her car in front of Covert's apartment, defendant went there looking for her. Defendant had been fishing the day before, and because of threats previously made by Covert, he carried with him a knife that was part of his fishing equipment. When defendant knocked on Covert's door, defendant's stepchild, who was in the apartment, inquired as to who was at the door. Defendant identified himself, and soon thereafter Covert opened the door and "swung" at defendant. A tussle ensued with defendant and Covert fighting in the hallway adjacent to the apartment and in the yard in front of the apartment. Defendant cut Covert in self-defense.

The jury found defendant guilty of assault with a deadly weapon inflicting serious bodily injury, and from judgment imposing prison sentence of not less than three nor more than five years, defendant appealed.

*Attorney General Robert Morgan by James E. Magner, Assistant Attorney General, for the State.*

*John D. Xanthos for defendant appellant.*

---

---

BRITT, Judge.

Defendant combines his assignments of error 2 and 9 and states the question presented by the assignments thusly: "Did the court err in not allowing the defendant to establish prosecuting witness' reputation as a combatant and instructing jury to disregard answer?"

[1]  The assignments of error relate to exceptions 4, 5 and 15. Exceptions 4 and 5 relate to defendant's cross-examination of Covert when the court sustained the State's objections to questions attempting to elicit evidence to the effect that Covert had beaten defendant's wife several times and had whipped his brother. The record does not show what the answers to the questions would have been had the witness been allowed to answer. Therefore, we cannot know whether the rulings were prejudicial. The burden is on appellant not only to show error but *prejudicial* error. *State v. Robinson,* 280 N.C. 718, 187 S.E. 2d 20 (1972).

[2]  Exception 15 relates to defendant's testimony on direct examination. Defendant was asked if he knew the reputation of Covert "with regard to fighting, and so forth." Defendant answered: "He previously beat my wife up and her two brothers come to his apartment and he broke one of them's arms and the police came up there and settled the whole thing." The court thereupon instructed the jury to disregard the answer as it was not responsive to the question and advised defendant that the question was whether he knew Covert's reputation and that specific instances were not responsive to that question. Defendant then answered "his reputation is pretty rough."

Our Supreme Court has held that where defendant in a homicide prosecution pleads self-defense, he is entitled to show, for the purpose of explaining and establishing defendant's reasonable apprehension when deceased advanced toward him, the character of the deceased as a violent and dangerous man, and may testify as to incidents of violence in altercations between the deceased and himself, and may also testify as to specific acts of violence which occurred in defendant's presence or of which he had knowledge in altercations between the deceased and third parties. *State v. Johnson,* 270 N.C. 215, 154 S.E. 2d 48 (1967). The same rules apply in cases of assault and battery, both criminal and civil. 1 Stansbury's N. C. Evidence (Brandis Revision), § 106, p. 330. In the instant case there

was no showing that any altercation between Covert and defendant's wife or her brothers occurred in defendant's presence or that he had personal knowledge of any such altercation. The court allowed defendant to testify as to Covert's reputation "for fighting." We find no prejudicial error in the court's action.

By other assignments of error, defendant contends the court erred in expressing opinions to the jury in violation of G.S. 1-180. We have carefully considered each of these assignments but conclude that any error committed was not prejudicial.

By his remaining assignments of error, defendant contends the court erred in its instructions to the jury. We have carefully reviewed the instructions and conclude that they are free from prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.