STATE OF NORTH CAROLINA v. JAMES DIAL

No. 7816SC525

(Filed 7 November 1978)

1. **Assault and Battery § 8 — assault with intent to kill — self-defense**

   An assault with intent to kill is justified under the doctrine of self-defense only when the defendant is in actual or apparent danger of death or great bodily harm at the hands of the person he assaults.

2. **Assault and Battery § 15.7 — felonious assault — insufficient evidence of self-defense**

   The trial court in a felonious assault prosecution did not err in failing to instruct on self-defense where defendant testified that, immediately before his pistol fired, the victim told him that she "had an ice pick and that she was going to get me a hold" and that she was going to "mark" him, that he did not see the ice pick and the victim never produced an ice pick, that the victim made no motion toward him, and that he got out his pistol "to scare her to leave out or something or another," the pistol fired, and he did not intend to shoot the victim, since the testimony did not show that defendant was in actual or apparent danger of imminent death or great bodily harm, and it indicated that he did not act with an intent to defend himself from an attack but that he accidentally and unintentionally fired his pistol.

3. **Assault and Battery § 15.7 — defense of home — instruction not required**

   The trial court in a felonious assault case did not err in failing to instruct the jury as to defendant's right to use force in defense of his home or to evict a trespasser where defendant testified that he did not intentionally shoot the victim, since defendant thus could not have shot the victim with the intention of evicting a trespasser.

4. **Criminal Law § 122.2 — instructions urging jury to agree — no reduction of burden of proof**

   The trial court's additional instruction after the jury had begun its deliberations that "it is your duty to reconcile your differences and reach a verdict if it can be done without any surrender of one's conscientious convictions" did not reduce the State's burden of proof from proof beyond a reasonable doubt to proof "as you can agree without violating your conscientious convictions."

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 24 February 1978 in Superior Court, ROBESON County. Heard in the Court of Appeals 28 September 1978.

The defendant was indicted for the felony of assault with a deadly weapon with intent to kill inflicting serious injury. Upon his plea of not guilty, the jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of ten years, the defendant appealed.

The State's evidence tended to show that on 24 September 1977 Gladys Mae Locklear, the prosecuting witness, accompanied the defendant to the home of her niece. After they arrived, the prosecuting witness noticed the outline of a gun on the defendant's left pocket. The defendant drank two beers while in the home. At one point, the defendant pulled the prosecuting witness up to dance, but she pushed away from him. The defendant stated that the two of them could not get along together and left the niece's home.

Later that evening, the prosecuting witness went to her home. She was awakened that night by the sound of a car in her driveway. When she got up and went to the front door to find out who was driving the car, she was met by the defendant. As the defendant came into her home, she noticed the handle of a gun protruding from his pocket. He asked her to get into his car and, when she did, carried her to his home. There the defendant took the prosecuting witness inside and began talking to her in angry tones. He then pushed her down on the couch in his living room. The prosecuting witness pushed the defendant back and said, "I'm not no pushover." The defendant then stood up and shot the prosecuting witness in the face.

The defendant's evidence tended to show that he met the prosecuting witness on 24 September 1977 at her niece's home. The two of them argued, and the defendant left and went to his home. Shortly thereafter, the prosecuting witness came to his home and said that she was sorry. The two then drank beer, played records and danced. They later began to argue again, and the prosecuting witness told the defendant that she, "had an ice pick and that she was going to get me a hold" and that she was going to "mark" him. The defendant then pulled out his pistol and

"tried to scare her to leave out or something or another, and it just fired off and shot her."

*Attorney General Edmisten, by Assistant Attorney General William B. Ray, for the State.*

*Terry R. Hutchins for the defendant appellant.*

MITCHELL, Judge.

[1] The defendant first assigns as error the failure of the trial court to instruct the jury concerning the law of self-defense. The trial court is required to charge on self-defense, even without a special request, when there is some construction of the evidence from which a reasonable inference could be drawn that the defendant assaulted the victim in self-defense. *State v. Goodson,* 235 N.C. 177, 69 S.E. 2d 242 (1952); *State v. Lewis,* 27 N.C. App. 426, 219 S.E. 2d 554 (1975), *cert. denied,* 289 N.C. 141, 220 S.E. 2d 799 (1976). An assault with the intent to kill is justified under the doctrine of self-defense only when the defendant is in actual or apparent danger of death or great bodily harm at the hands of the person he assaults. *State v. Anderson,* 230 N.C. 54, 51 S.E. 2d 895 (1949).

[2] The defendant testified that immediately before the pistol fired, the prosecuting witness told him that she "had an ice pick and that she was going to get me a hold" and that she was going to "mark" him. The defendant also testified, however, that he did not see the ice pick, and that the prosecuting witness never produced it. When the defendant was questioned about any threatening gestures by the prosecuting witness toward him, he indicated she had made no motion at all.

This evidence constitutes at most a verbal threat to use force. These threatening words did not in themselves give rise to actual or apparent danger of imminent death or great bodily harm. There was no evidence that words were accompanied by any manifestation of a present ability to carry them out ·or of an intent to carry them out immediately. There was, therefore, nothing apparent to the defendant which would have reasonably led him to believe that he was in danger of imminent death or great bodily harm. As there was no evidence tending to show that the defendant was in actual or apparent danger of imminent

death or great bodily harm, there was no evidence tending to show he acted in self-defense. Therefore, the trial court properly declined to instruct the jury on the law of self-defense.

In addition, the defendant's own unequivocal testimony negates the possibility that the shooting of the prosecuting witness was in self-defense. He stated that he did not see the ice pick and that the prosecuting witness never produced an ice pick. He further stated that she made no motion towards him, and that he got his pistol in an attempt "to scare her to leave out or something or another," and that he did not intend to shoot her. The defendant's testimony, if taken as true, did not indicate that he acted with the intent to defend himself from an attack which he felt would cause him death or bodily harm. Instead, his testimony specifically indicated an unintentional and accidental firing of the pistol. The jury was given proper instructions as to the law of accident and misadventure by the trial court. An additional instruction concerning the law of self-defense would not have been supported by the evidence and was properly omitted from the instructions to the jury.

[3] The defendant next assigns as error the failure of the trial court to instruct the jury as to his right to order the prosecuting witness from his home and as to the degree of force he might justifiably use to remove her from his home if she did not leave voluntarily. In certain cases, a defendant may justify an intentional assault on the ground that it was made in an effort to defend his home from attack or to evict trespassers. *State v. Spruill*, 225 N.C. 356, 34 S.E. 2d 142 (1945). In this case, however, the defendant specifically denied that he intentionally shot the prosecuting witness. If he did not shoot her intentionally, he could not have shot her with the intention of evicting a trespasser. Instead, the shooting would have been accidental. Therefore, the evidence did not require an instruction concerning the defendant's right to use force in defense of his home or to evict a trespasser.

[4] The defendant next assigns as error instructions by the trial court to the jury, after the jury had begun its deliberations in the case. Those instructions included the statement that: "I don't want you to consider that I am trying to force or coerce you in any way to reach a verdict, but it is your duty to reconcile your

differences and reach a verdict if it can be done without any sur-render of one's conscientious convictions." The defendant con-tends that the quoted portion of the instructions lessened the burden of proof which the State was required to bear from that of proof beyond a reasonable doubt to proof "as you can agree without violating your conscientious convictions." We do not agree. The instructions of trial courts to juries must be read con-textually, and an excerpt will not be held prejudicial if a reading of the instructions in their entirety leaves no reasonable ground to believe that the jury was misled. *State v. Alston*, 294 N.C. 577, 243 S.E. 2d 354 (1978). A reading of the trial court's instructions in this case makes it clear that the trial court merely encouraged the jurors to agree upon a verdict if they could do so in good con-science and did not alter the burden of proof. This practice has long been approved. *Allen v. United States*, 164 U.S. 492, 41 L.Ed. 528, 17 S.Ct. 154 (1896); *State v. Alston*, 294 N.C. 577, 243 S.E. 2d 354 (1978); *State v. Williams*, 288 N.C. 680, 220 S.E. 2d 558 (1975).

The defendant having received a fair trial free from prej-udicial error, we find

No error.

Judges MORRIS and ERWIN concur.