STATE OF NORTH CAROLINA v. WILLARD JORDAN KIDD

No. 8215SC425

(Filed 21 December 1982)

1. **Assault and Battery § 15.7— assault with a deadly weapon inflicting serious injury—instruction on self-defense not required**
   The trial court properly refused to apply the law of self-defense to evidence of the assault on a prosecuting witness since defendant's testimony did not indicate that he was in actual or apparent danger of imminent death or great bodily harm.

2. **Assault and Battery § 13— prior assault by prosecuting witness—no knowledge by defendant—testimony incompetent**
   The trial court properly failed to permit a prosecuting witness's wife to testify that her husband had broken one of her ribs since there was no evidence that the assault occurred in defendant's presence or that defendant had knowledge of the assault on the day he attacked the prosecuting witness.

3. **Criminal Law § 161.1— failure to note exceptions or to place excluded answers in record**
   Where defendant failed to note any exception to the court's denial of certain questions and failed to place the answers which the witness would have given in the record for the appellate court's consideration, there was no basis for determining whether the rulings were prejudicial. App. R. 10.

4. **Criminal Law § 88.2— restrictions on cross-examination of State's witnesses —no prejudicial error**
   The trial court did not err in restricting defendant's cross-examination of three of the State's witnesses where the questions were irrelevant at the time the questions were posed.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 1 July 1981 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 20 October 1982.

Defendant was indicted on charges of assaulting Sterling Rumley and his son Barry with a deadly weapon with the intent to kill and inflicting serious injuries. From verdicts of guilty of assault on Sterling Rumley inflicting serious injury and of assault on Barry Rumley with a deadly weapon inflicting serious injury, defendant appeals.

Evidence for the State tends to show that on the afternoon of 8 January 1981, defendant's son, Larry Kidd, came to the Rumleys' garage. Larry had been drinking and swung a hammer at

Barry. After Barry threw Larry out of the garage and locked it, Larry broke down the door. Barry ran to his father's house, told his mother to telephone defendant and tell him to come and get his son. Barry then told his father Sterling about the broken door. Sterling went to the garage. There Larry ran toward him and kicked him in the shoulder. Minutes later Sterling and Barry saw defendant driving toward the garage. The Rumleys and Larry started walking toward the truck. Defendant stopped his truck, got out with a double-barrel shotgun and pointed it at Barry. Barry turned to run and was shot in the leg. Defendant then hit Sterling over the head and in the stomach with the shotgun. The cut on his head required sixteen stitches. Barry underwent surgery on his leg and is still having physical problems related to the injury. Sterling and Barry both testified that they never threatened defendant.

Defendant's evidence tends to show that on the afternoon in question, his son's wife, Molly, informed him that Larry was at the Rumleys' garage and had been seriously hurt. She told him that Sterling had gone to get a gun. Defendant drove to his house and obtained a shotgun. As he neared the garage, he saw the Rumleys chasing his son up the road. After defendant stopped his truck, Sterling came up to him and began cursing. Defendant observed Sterling's left hand go toward his pocket. Believing that Sterling was reaching for a gun, defendant grabbed the shotgun in the bed of his truck and hit Sterling over the head. Sterling then told his son to get a gun. As Barry was walking away from defendant, defendant told him that he did not need a gun. Barry continued walking and defendant then fired his shotgun merely to scare Barry. The bullet ricocheted and hit Barry in the leg. Defendant testified that he believed Sterling had a gun in his pocket, because he had known Sterling to carry concealed weapons and because he had recently seen guns in the Rumleys' garage.

*Attorney General Edmisten, by Associate Attorney Floyd M. Lewis, for the State.*

*Daniel H. Monroe, for the defendant-appellant.*

ARNOLD, Judge.

[1] Defendant's first assignment of error concerns alleged errors in the charge. He contends that the trial judge erred in giving in-

structions on the law of self-defense only as to defendant's assault on Sterling Rumley and in affirmatively charging the jury that they might not consider the law of self-defense as to defendant's assault on Barry Rumley. He argues that the jury could have logically inferred from his evidence "that he was in apparent danger of death or great bodily harm if he allowed Barry to keep on going to get the gun." We disagree. Defendant gave the following testimony at trial:

> When—when he [Sterling] hollered and told Barry to get the gun, I told him, I said, "Son, come back. You do not need a gun." And . . . he kept going and I said, "Come back, son. You don't need a gun." Told him twice. Well, I was still watching Sterling and I shot low. I didn't shoot at him. I shot just to scare him, but hoping it would turn him back, and I maintain that the shot hit the highway and ricocheted up to his leg.

Defendant later admitted that Barry had never threatened him. Defendant's testimony is similar to testimony given by the defendant in *State v. Dial*, 38 N.C. App. 529, 248 S.E. 2d 366 (1978). Dial testified that the prosecuting witness told him she had an ice pick and was going to "mark" him; and that he "then pulled out his pistol and 'tried to scare her to leave out or something or another, and it just fired off and shot her.'" *Dial*, 38 N.C. App. at 530-31, 248 S.E. 2d at 367 (1978). Dial admitted that the prosecuting witness never produced the ice pick and made no threatening gestures toward him. We held: "The defendant's testimony, if taken as true, did not indicate that he acted with the intent to defend himself from an attack which he felt would cause him death or bodily harm. Instead, his testimony specifically indicated an unintentional and accidental firing of the pistol." *Dial*, 38 N.C. App. at 532, 248 S.E. 2d at 368. The jury was then given proper instructions on the law of accident and misadventure.

In the case now before us, the trial court also properly refused to apply the law of self-defense to evidence of the assault on Barry Rumley, because defendant's testimony does not indicate that he was in actual or apparent danger of imminent death or great bodily harm. We note, however, that the trial court was not required to instruct on accident or misadventure as in *Dial*, since the evidence shows that defendant intentionally fired the shotgun.

[2] Defendant next assigns error to the trial court's refusal to allow defense counsel to question Sterling Rumley's wife concerning a complaint for divorce she had filed against her husband and to allow this complaint into evidence. Defendant argues that the complaint was relevant to show his reasonable apprehension of death or bodily harm. In the complaint, Mrs. Rumley alleged that her husband broke one of her ribs on 15 November 1980. Such evidence would be admissible to show defendant's reasonable apprehension of death or bodily harm, only if the assault by Sterling on his wife occurred in defendant's presence or if defendant had knowledge of the assault on the day he attacked Sterling. *See State v. Mize*, 19 N.C. App. 663, 199 S.E. 2d 729 (1973). The record before us contains no sworn testimony that defendant possessed the requisite knowledge. Evidence of Sterling's assault on his wife was, therefore, properly excluded.

[3] Defendant has also assigned error to the court's refusal to allow him to question Mrs. Rumley regarding her husband's violent temper and other alleged acts of violence committed by him. He stresses that such evidence, whether known to him or not, is relevant to show which party was the actual aggressor. *See Mize*, 19 N.C. App. at 665-66, 199 S.E. 2d at 730. This matter, however, is not before us on appeal for two reasons. First, defendant failed to note any exception to the court's denial of these questions. Pursuant to App. R. 10, only exceptions noted in the record and made the basis for assignments of error will be considered on appeal. Second, even had exceptions to these questions been noted properly, defendant failed to place the answers which Mrs. Rumley would have given in the record for our consideration. We therefore cannot determine whether the rulings were prejudicial. *Mize*, 19 N.C. App. at 665, 199 S.E. 2d at 730-31.

[4] Defendant's final assignment of error goes to restrictions placed upon cross-examination of three of the State's witnesses. Our examination of the record reveals no prejudicial error.

Winston McBane testified for the State that on 8 January 1981, he went to investigate a shot coming from the vicinity of the Rumleys' garage. Defendant approached him holding a gun and said, "Get the hell down the road, goddam it. Don't stop here." Sterling ran to McBane's car and told McBane that defendant had shot his son. On cross-examination McBane testified that

he drank "[m]aybe a couple of beers" on 8 January 1981. On recross-examination defense counsel attempted to ask McBane why he drank the beers on the day of the assaults. The court sustained objection to this question. Defendant now assigns error to this restriction of cross-examination, alleging that he was denied his right to impeach the witness. We find no merit to this argument. The record shows that McBane had already given testimony about his drinking on the date at issue. The question posed by the defense on recross-examination was irrelevant, and the trial court did not abuse its discretion in disallowing it. 1 Brandis, N.C. Evidence § 35 (2nd rev. ed. 1982).

During the cross-examination of Sterling Rumley, defense counsel asked him if he had not assaulted his wife by breaking her ribs on 15 November 1980. During the cross-examination of Barry Rumley, defense counsel asked him if his father had ever shot him or had fist fights with him prior to the date at issue. The trial court sustained objections to both questions. Defendant argues that these questions were relevant to show the character of the witness Sterling Rumley for violence and the reasonableness of defendant's apprehension. These questions were relevant, however, only if there was evidence to show that the assault was committed in self-defense. At the time these questions were posed, no evidence on the issue of self-defense had been introduced. The court's rulings were proper and did not preclude similar questioning at a later time. *State v. Tann,* 57 N.C. App. 527, 291 S.E. 2d 824 (1982). We also point out that the defendant failed to place in the record any of the answers the three witnesses would have given. As previously noted, this Court is unable to determine whether the trial court's refusal to allow these questions was prejudicial. *See Mize, supra.*

Defendant received a trial free of prejudicial error.

No error.

Judges HILL and JOHNSON concur.