STATE OF NORTH CAROLINA v. WILLIAM DONALD YARBOROUGH

No. 8210SC1175

(Filed 18 October 1983)

1. **Criminal Law § 122— court's inquiry into jury's numerical division—no per se reversible error**

    A court's inquiry into a jury's numerical division is not *per se* reversible error. A "totality of the circumstances" standard should be used in evaluating such a trial judge's inquiry. Using that standard, there was no coercion where a trial judge made his inquiry as to the numerical split of a jury at a natural break in the jury's deliberations, after a full morning's deliberations, and clearly stated that he did "not want to know whether so many jurors had voted in one fashion and so many in another."

2. **Criminal Law § 122— reinstruction as to elements of offense—no error**

    There was nothing in a trial judge's reinstruction as to the elements of the offense that could be considered prejudicial or coercive where the trial judge simply restated the elements of the offense and the application of the law to the facts.

3. **Criminal Law § 122— additional instruction concerning weight to give unrebutted testimony—no error**

    There was no error in an instruction by the trial judge, which was given in response to a question, that the jury must govern itself in determining what weight to give unrebutted testimony.

4. **Criminal Law § 138— sentencing hearing—armed robbery—error to consider use of deadly weapon as aggravating factor**

    A trial judge erred in finding as an aggravating factor that the defendant used a deadly weapon at the time of the crime since use of a deadly weapon is an element of the offense of armed robbery. G.S. 15A-1340.4(a)(1)(i).

5. **Criminal Law § 138— sentencing phase—failure to find mitigating factor**

    The record did not present the Court with sufficient evidence to require the trial judge to find as a mitigating factor that defendant had testified for the State in another felony prosecution since defendant's unsubstantiated claim, though uncontradicted, was not substantial evidence and, absent corroborative evidence, left a basis to doubt its credibility.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 23 June 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 30 August 1983.

Defendant was indicted, tried and found guilty of armed robbery. At trial, the State's evidence consisted of testimony of the arresting officer and the victim who said that the defendant had

taken approximately $50 from him by threatening him with a knife and a pistol. Defendant offered no evidence.

The trial lasted one day. The jury began their deliberations early on the second day. After the lunch break, the trial judge asked the jury foreman to reveal the jury's numerical division. The foreman replied that the jury was split nine to three. In response to a further question, the foreman said that they had taken only one ballot, about an hour before the lunch break. The trial judge asked if the jury was having "any difficulty remembering the seven elements of the offense?" When the foreman replied that they were having difficulty remembering "the exact transcript of what happened," the trial judge reinstructed the jury on the elements of the offense. The trial judge ended his instructions, saying, "You want me to tell you what the seven essential elements are again? That's what you have to decide." The jury then retired again.

Later, the jury returned to ask whether, in assessing the credibility of a witness, they could take into consideration the fact that the testimony was unrebutted by evidence from the defense. The trial judge responded that the jury had "the responsibility of laying down rules to govern itself in determining what weight it will give to the testimony and what credit it will attribute to the several witnesses." The jury returned a verdict of guilty of armed robbery.

At the sentencing hearing, held pursuant to G.S. 15A-1334, defendant asked the trial judge to consider that defendant had testified for the prosecution in a case involving the murder of a prison employee. Defendant contended that his life would be in danger in prison because of his testimony. The trial judge imposed a sentence of thirty years, more than twice the presumptive sentence under the Fair Sentencing Act. The trial judge found no mitigating factors and two aggravating factors: that defendant was armed with a deadly weapon at the time of the offense and that he had prior convictions for crimes punishable by more than sixty days' confinement. From the conviction and sentence, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Lucien Capone III, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Marc D. Towler and James R. Glover, for defendant.*

EAGLES, Judge.

Defendant assigns as error the trial judge's inquiry as to the numerical division of the jury, his reinstruction as to the elements of the offense, his response to a question that instructed the jury to lay down its own rules as to the weight to give unrebutted testimony of a witness, and the imposition of a sentence that was more than twice the presumptive sentence. We find no reversible error in any of the trial judge's questions and instructions to the jury, but we remand for a new sentencing hearing because of error committed in the sentencing phase.

[1] Defendant urges that it is *per se* reversible error to inquire into a jury's numerical division. *Brasfield v. United States*, 272 U.S. 448, 71 L. Ed. 345, 47 S.Ct. 135 (1926), prohibited inquiries into the jury's numerical division in federal criminal cases, but this prohibition is based on the Supreme Court's supervisory power over lower federal courts, is not constitutionally based, and is a rule of procedure for federal courts that is not binding on state courts. *Ellis v. Reed*, 596 F. 2d 1195 (4th Cir.), *cert. denied*, 444 U.S. 973, 62 L.Ed. 2d 388, 100 S.Ct. 468 (1979). The context of inquiry as to the jury's numerical split may show that the inquiry is coercive, but we hold that such an inquiry is not inherently coercive or violative of the North Carolina Constitution's Article I, § 24 guarantee of the right to a trial by jury. In the absence of a federal or state constitutional basis requiring the adoption of a *per se* rule, we will look to the "totality of the circumstances" in evaluating a trial judge's inquiry as to a jury's numerical split. An inquiry is often useful in timing recesses, in determining whether there has been any progress toward verdict, and in deciding whether to declare a mistrial because of a deadlocked jury. We must examine the trial judge's inquiry in context of the totality of the circumstances to determine whether the trial judge's inquiry was coercive or whether the jury's decision was in any way affected by the inquiry. See *State v. Williams*, 303 N.C. 142, 277 S.E. 2d 434 (1981); *State v. Barnes*, 26 N.C. App. 37, 214 S.E. 2d

806 (1975). In this case, the trial judge made his inquiry as to the numerical split at a natural break in the jury's deliberations, after a full morning's deliberations, and clearly stated that he did "not want to know that so many jurors have voted in one fashion and so many in another." From the totality of the circumstances, we find no coercion and no error in the trial judge's inquiry.

[2] Using the same "totality of the circumstances" analysis, we now consider defendant's second assignment of error concerning the trial judge's reinstruction of the jury on the elements of the offense. There was nothing in the trial judge's reinstruction as to the elements of the offense that could be considered prejudicial or coercive. The trial judge simply restated the elements of the offense and the application of the law to the facts. There was nothing in the reinstruction that implied any opinion on the part of the trial judge or would affect the jury's ultimate decision. The fact that the jury came back to ask a question after the reinstruction was given and then deliberated further indicates that this jury was not coerced by the judge's reinstruction.

[3] Defendant next assigns as error the trial judge's instruction to the jury that it must govern itself in determining what weight to give to unrebutted testimony. There is no error in this instruction, which was given in response to a question, because the jury is allowed, in weighing credibility of evidence, to consider the fact that the evidence is uncontradicted or unrebutted. *State v. Tilley*, 292 N.C. 132, 143, 232 S.E. 2d 433, 441 (1977). In any event, because defendant did not make timely objection to this jury instruction, his objection is waived. N.C. R. App. P. 10(b).

[4] Defendant's final assignment of error concerns the sentencing phase of his trial. Defendant received a thirty year sentence for armed robbery, a Class D felony, for which the presumptive sentence is ordinarily twelve years. G.S. 14-87(a) and G.S. 15A-1340.4(f)(2). However, the armed robbery statute requires a minimum sentence of fourteen years. G.S. 14-87(a). This court has held that, for armed robbery, fourteen years is both the minimum and the presumptive sentence. *State v. Morris*, 59 N.C. App. 157, 296 S.E. 2d 309 (1982); *State v. Leeper*, 59 N.C. App. 199, 296 S.E. 2d 7 (1982). Therefore, the fourteen year sentence may be increased by the process of weighing aggravating and mitigating factors, but a sentence of less than fourteen years may not be im-

posed for armed robbery. In this case, the trial judge imposed a sentence that was more than twice the presumptive sentence, relying on two aggravating factors and no mitigating factors. We hold that the trial judge improperly found one aggravating factor.

The trial judge found as an aggravating factor that the defendant used a deadly weapon at the time of the crime. See G.S. 15A-1340.4(a)(1)(i). Use of a deadly weapon is an element of the offense of *armed* robbery. The Fair Sentencing Act dictates that "evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation." G.S. 15A-1340.4(a)(1); *State v. Setzer*, 61 N.C. App. 500, 301 S.E. 2d 107 (1983).

[5] Defendant contends there was a second error in the sentencing phase of this trial: the trial judge's failure to find as a mitigating factor that the defendant testified for the State in another felony prosecution. See G.S. 15A-1340.4(a)(2)(h). At the sentencing hearing, defendant told the trial judge that he had testified for the State in a case where an inmate had murdered a prison employee. There was no other evidence presented to support or rebut this claim by defendant. Our Supreme Court has recently said that "when evidence in support of a particular mitigating or aggravating factor is uncontradicted, substantial, and there is no reason to doubt its credibility, to permit the sentencing judge simply to ignore it would eviscerate the Fair Sentencing Act." *State v. Jones*, 309 N.C. 214, 218-19, 306 S.E. 2d 451, 454 (1983). The *Jones* decision makes it clear that the burden of persuasion on mitigating factors rests on the defendant and that, to hold that the trial judge improperly failed to consider a mitigating factor, we must find that the credibility of the evidence is "manifest as a matter of law." *Id.* Here, defendant's unsubstantiated claim, though uncontradicted, is not substantial evidence and, absent corroborative evidence, does leave a basis to doubt its credibility. We hold that the record in this case does not present us with sufficient evidence to require the trial judge to find this mitigating factor.

We find no error in defendant's trial, but because of error in finding one aggravating factor, we hold that defendant is entitled to a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

No error in defendant's trial; remand for re-sentencing.

Judges ARNOLD and WELLS concur.