STATE OF NORTH CAROLINA v. WENDELL LITTLE

No. 8520SC1294

(Filed 20 May 1986)

1. **Criminal Law § 101.4— inquiry into numerical division of jury—no error**

   The trial court's inquiry into the numerical division of the jury during deliberation was not coercive where the judge did not speak of leaning on the jury or urge the jury into further deliberation.

2. **Criminal Law § 101.4— court's inquiry of jury—no error**

   There was no merit to defendant's contention that the trial court erred by engaging in a colloquy with the jury foreman in the absence of other jury members, since the transcript showed that the entire jury was present, and the court inquired whether the jury was making progress in its deliberations and desired to take a break.

   Judge COZORT concurring in the result.

   Judge EAGLES joins in the concurring opinion.

APPEAL by defendant from *John, Judge.* Judgment entered 22 February 1985 in Superior Court, ANSON County. Heard in the Court of Appeals 12 May 1986.

Defendant was charged in proper bills of indictment with sale and delivery of marijuana and possession with the intent to sell and deliver marijuana. The State presented evidence at trial tending to show that at about 6:50 p.m. on 16 March 1983 an under-

cover agent and a confidential informer went to defendant's house and purchased two $25.00 bags of marijuana. Defendant was found guilty of sale and delivery of marijuana and possession with the intent to sell and deliver marijuana, and the charges were consolidated for sentencing. From a judgment imposing a two-year prison sentence, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Assistant Appellate Defender Daniel R. Pollitt for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant brings forward two arguments on appeal. First, defendant contends that the trial court's inquiry as to the numerical division of the jury during deliberation was coercive and violative of defendant's right to trial by jury.

In *State v. Yarborough*, 64 N.C. App. 500, 307 S.E. 2d 794 (1983), this Court set out the standard of review in cases where the trial judge inquired into the numerical division of the jury. In *Yarborough*, we noted that an inquiry into the numerical division can be useful in certain circumstances and unconstitutionally coercive in others. We held that an appellate court reviewing an inquiry into the numerical division of a jury must determine in the context of the totality of the circumstances whether the trial judge's inquiry was coercive or whether the jury's decision was in any way affected by the inquiry.

In the case at hand, the trial judge merely inquired into the numerical division. Unlike in *State v. McEntire*, 71 N.C. App. 720, 323 S.E. 2d 439 (1984), the trial judge did not speak of leaning on the jury or urge the jury into further deliberation. From the totality of the circumstances, we find no coercion and no error in the trial judge's inquiry.

[2] Citing *State v. Ashe*, 314 N.C. 28, 331 S.E. 2d 652 (1985) defendant contends that the trial court erred by engaging in a colloquy with the jury foreman in the absence of the other jury members. Unfortunately, the State accepted without question defendant's assertion that the colloquy occurred with the foreman alone in the absence of the entire petit jury. The transcript

---

State v. Little

---

discloses that the colloquy occurred in the presence of the jury not just the foreman:

> (AT 6:10 P.M., THE COURT DIRECTED THE BAILIFF TO KNOCK ON THE DOOR TO THE JURY ROOM AND INSTRUCT THE JURY TO STOP THEIR DELIBERATIONS AND RETURN TO THE COURTROOM)

> (THE JURY RETURNED TO THE COURTROOM)

> COURT: I want to make an inquiry, Mr. Foreman, as to whether you feel you are making some progress in your deliberations?

> FOREMAN: I think we are now.

> COURT: Would it be your pleasure at this point to continue your deliberations for a while or to take a break?

> FOREMAN: About 10 more minutes one way or the other.

> COURT: All right. If you reach a point where you want a break and feel like you need a break, knock on the door and let us know.

> FOREMAN: If the issue comes up again, is there some way we could get a clarification?

> COURT: As to the Court's instructions? I can repeat a portion of it, if you request it. You will have to have a specific request.

> FOREMAN: Let me talk to them about it.

> (THE JURY RETURNED TO THE JURY ROOM)

This assignment of error is frivolous.

We hold that defendant received a fair trial free from prejudicial error.

No error.

Judges EAGLES and COZORT concur in the result.

Judge COZORT concurring in the result.

In my judgment the defendant's assignment of error concerning the colloquy between the trial court and the jury foreman is

not frivolous. While the transcript filed with this Court reflects that the entire jury was present, the record on appeal states that the transcript is in error. The record on appeal states:

> The following proceedings do not appear in the trial transcript or are inaccurately shown therein:
>
> *     *     *     *
>
> At 6:10 p.m., the court directed the bailiff to knock on the door to the jury room. The foreman returned to the courtroom but the other members of the jury remained to [sic] the jury room. A colloquy between the court and the foreman—without the entire jury present—then ensued as shown at page 221 of the trial transcript.

The proposed record on appeal containing the language quoted above was prepared by defendant and served on the State on 9 October 1985. The State filed no objections, amendments, or a proposed alternative record on appeal. The record on appeal was then certified to this Court on 3 December 1985. We are bound by that record. In *Vassey v. Burch*, 301 N.C. 68, 74, 269 S.E. 2d 137, 141 (1980), our Supreme Court stated:

> The [appellee] filed no objections, amendments, or a proposed alternative record on appeal. See Rule 11(c), Rules of Appellate Procedure. Accordingly, the proposed record on appeal became the record on appeal. Rule 11(b), Rules of Appellate Procedure. . . .
>
> It is axiomatic that a properly certified record on appeal imports verity. (Citation omitted.) The appellate courts in this State are bound by the record as certified and can judicially know only what appears of record. *Griffin v. Barnes*, 242 N.C. 306, 87 S.E. 2d 560 (1955); *Tomlins v. Cranford*, 227 N.C. 323, 42 S.E. 2d 100 (1947).

With the record on appeal stating that the colloquy occurred between the trial judge and the jury foreman, without the entire jury present, the defendant's argument is not frivolous and should be considered.

In reviewing the colloquy between the trial court and the jury foreman, I find no prejudicial error. The instant case is distinguishable from *State v. Ashe*, 314 N.C. 28, 331 S.E. 2d 652

(1985), cited by the defendant. In *Ashe*, a new trial was ordered where the Supreme Court found the trial court violated G.S. 15A-1233(a) by failing to bring all jurors to the courtroom to hear an inquiry from the jury about reviewing certain evidence. Finding prejudicial error, the court stated:

> Our jury system is designed to insure that a jury's decision is the result of evidence and argument offered by the contesting parties under the control and guidance of an impartial judge and in accord with the judge's instructions on the law. All these elements of the trial should be viewed and heard simultaneously by all twelve jurors. To allow a jury foreman, another individual juror, or anyone else to communicate privately with the trial court regarding matters material to the case and then to relay the court's response to the full jury is inconsistent with this policy. The danger presented is that the person, even the jury foreman, having alone made the request of the court and heard the court's response firsthand, may through misunderstanding, inadvertent editorialization, or an intentional misrepresentation, inaccurately relay the jury's request or the court's response, or both, to the defendant's detriment. Then, each juror, rather than determining for himself or herself the import of the request and the court's response, must instead rely solely upon their spokesperson's secondhand rendition, however inaccurate it may be.

*Id.* at 36, 331 S.E. 2d at 657.

In the case below, no statute was violated, there was no discussion of any matters material to the case, and nothing occurred which could have been inaccurately relayed by the foreman to the other jurors. Thus, while the trial court's colloquy with the jury foreman in this case was inadvisable, it did not rise to the level of prejudicial error.

Judge EAGLES joins in the concurring opinion.